IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD F. ROST and SHELLEY L. ROST, as husband and wife,

Plaintiffs, CASE NO.:

-v-

UNITED STATES OF AMERICA, JACKSONVILLE EMERGENCY CONSULTANTS, P.A. d/b/a TITAN EMERGENCY GROUP, COURTNEY BREAUX McGEE, PA-C, SHIVA LAKSHMIN, M.D., and JAMES A. CALABRO, M.D.,

Defendants.
_________________________________/

# COMPLAINT

COME NOW, the Plaintiffs, EDWARD F. ROST and SHELLEY L. ROST, as husband and wife, by and through their undersigned counsel, and hereby sue the Defendants, UNITED STATES OF AMERICA, (hereinafter "USA"), JACKSONVILLE EMERGENCY CONSULTANTS, P.A. d/b/a TITAN EMERGENCY GROUP, (hereinafter "TITAN"), COURTNEY BREAUX McGEE, PA-C (hereinafter "COURTNEY BREAUX McGEE"), SHIVA LAKSHMIN, M.D., (hereinafter "DR. LAKSHMIN"), and JAMES A. CALABRO, M.D., (hereinafter "DR. CALABRO"), and allege as follows:

## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. as hereinafter more fully appears, Florida Statutes Chapters 766, 768 and the Florida Rules of Civil Procedure 1.650.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 (b) (1) in that it involves a claim for personal injury caused by the negligence or wrongful act or omission of employees of the UNITED STATES OF AMERICA and those for whom the UNITED STATES OF AMERICA bears responsibility.

3. On or about September 24, 2013, a Form 95 Administrative Claim (attached as Exhibit A) was sent to the Department of Veterans Affairs, Office of Regional Counsel, 619 S. Marion Avenue, Lake City, Florida 32025-5808, alleging medical malpractice. More than six (6) months have passed since the administrative claim was presented.

4. Under 28 U.S.C. 2679(d), Plaintiffs can elect to treat the claim denied if the UNITED STATES OF AMERICA has not formally denied the claim within the appropriate statutory time. A claim denial has not been received. As such, the claimant is entitled to file this suit.

5. That all conditions precedent to the bringing of this action have been performed or waived, pursuant to the provisions of 28 U.S.C. Section 2675 and Chapters 766 and 768, Florida Statutes.

6. At all times material hereto, EDWARD F. ROST was an adult who was and is married to SHELLEY L. ROST, and resided in Tallahassee, Leon County, Florida.

7. All treatment and acts of negligence alleged herein were committed at the Lake City Veterans Administration Medical Center (VAMC), within Columbia County, State of Florida, the Tallahassee Veterans Administration Clinic, within Leon County, State of Florida and Capital Regional Medical Center, within Leon County, State of Florida.

8. At all times material hereto Defendant, TITAN, was and is a Florida corporation, engaged in the business of rendering emergency care with its principal place of business in Leon County, Florida. At all times material hereto, TITAN, held itself out to the public as a healthcare provider with facilities, competent staff, trained personnel and physicians, to provide appropriate medical care, evaluation, and emergency services for those individuals who presented for medical care including those who came with the conditions such as those suffered by EDWARD F. ROST.

9. At all times material hereto, TITAN, was directly liable for its own negligent acts and omissions and was vicariously liable for the negligent acts and omissions of its employees, volunteers, agents, apparent agents contracted healthcare providers, owners and directors, including physicians and those mid level providers who rendered medical care to EDWARD F. ROST while acting within the course and scope of such relationship and in furtherance of TITAN's business pursuits.

10. At all times material hereto COURTNEY BREAUX McGEE, PA-C, was and is a physician's assistant licensed under the laws of Florida and transacting business in Tallahassee, Leon County, Florida. COURTNEY BREAUX McGEE, PA-C held herself out to the public as a physician's assistant qualified in the field of physician's

assistant, and further held herself out to the public as a specialist possessing the same level of skill and expertise in the field of physician's assistant as any other qualified physician's assistant, in Leon County, Florida or any other similar medical community.

11. At all times material hereto, Defendant, COURTNEY BREAUX McGEE, PA-C, was an employee, servant, agent, apparent agent, contracted healthcare provider, owner and/or director of Defendant, TITAN, and acting within the course and scope of that relationship and in furtherance of the business interests of Defendant, TITAN.

12. At all times material hereto, Defendant, TITAN, was directly liable for its own negligent acts and omissions and was vicariously liable for the negligent acts and omissions of COURTNEY BREAUX McGEE, PA-C, while acting within the course and scope of such relationship and in furtherance of Defendant's, TITAN, business pursuits.

13. At all times material hereto DR. LAKSHMIN, was and is a physician licensed under the laws of Florida and transacting business in Tallahassee, Leon County, Florida. DR. LAKSHMIN held himself out to the public as a doctor qualified in the field of emergency medicine, and further held himself out to the public as a specialist possessing the same level of skill and expertise in the field of emergency medicine as any other qualified physician, in Leon County, Florida or any other similar medical community.

14. At all times material hereto, Defendant, DR. LAKSHMIN, was an employee, servant, agent, apparent agent, contracted healthcare provider, owner and/or

director of Defendant, TITAN, and acting within the course and scope of that relationship and in furtherance of the business interests of Defendant, TITAN.

15. At all times material hereto, Defendant, TITAN, was directly liable for its own negligent acts and omissions and was vicariously liable for the negligent acts and omissions of DR. LAKSHMIN, while acting within the course and scope of such relationship and in furtherance of Defendant's, TITAN, business pursuits.

16. At all times material hereto DR. CALABRO, was and is a physician licensed under the laws of Florida and transacting business in Tallahassee, Leon County, Florida. DR. CALABRO held himself out to the public as a doctor qualified in the field of emergency medicine, and further held himself out to the public as a specialist possessing the same level of skill and expertise in the field of emergency medicine as any other qualified physician, in Leon County, Florida or any other similar medical community.

17. At all times material hereto, Defendant, DR. CALABRO, was an employee, servant, agent, apparent agent, contracted healthcare provider, owner and/or director of Defendant, TITAN, and acting within the course and scope of that relationship and in furtherance of the business interests of Defendant, TITAN.

18. At all times material hereto, Defendant, TITAN, was directly liable for its own negligent acts and omissions and was vicariously liable for the negligent acts and omissions of DR. CALABRO, acting within the course and scope of such relationship and in furtherance of Defendant's, TITAN, business pursuits.

19. On August 9, 2012, EDWARD F. ROST, a 66 year old veteran, underwent a tooth extraction at the Tallahassee Veterans Administration Clinic.

20. MR. ROST was subsequently seen on August 31, 2012, at the Tallahassee Veterans Administration Clinic by Dr. Karen Krueger with complaints which included fever, chills and fatigue. The assessment was "febrile illness viral v. bact?". However no cultures were ordered and he was simply given a prescription for Bactrim DS and told to schedule an appointment to obtain a VA primary care physician and physical.

21. MR. ROST sought the earliest available appointment which was September 26, 2012, and presented on that date to the Lake City Veterans Administration Medical Center (VAMC). He was seen by Dr. Beulah T. Penumudi. In spite of a history of poor dentation, recent dental extraction, fever, chills and fatigue no blood cultures were ordered nor was any further therapy offered.

22. On October 10, 2012, MR. ROST again presented to the Lake City Veterans Administration Medical Center (VAMC). He was admitted under the care of Dr. Durga Chintakayala with symptoms which included continued body pain, sweats, chills, diaphoresis and weight loss and a history of intermittent fever. A blood culture was drawn which reported back as positive for Streptococcus Sanguis bacteria. Unfortunately and in spite of the positive blood culture, he only received 24 hours of IV Vancomycin and was then started on just oral Keflex.

23. A second blood culture was drawn on October 12, 2012 which also reported positive. This was followed by a third blood culture on the day of his

discharge, October 15, 2012. At the time of discharge, he was told that he would be informed of the final results. His only discharge medication was 4 additional days of oral Keflex.

24. Having received no call back, on October 19, 2012, MR. ROST elected to call the VAMC to obtain the results of his cultures. He was informed that they were negative.

25. On October 20, 2012, the records demonstrate that his blood cultures were in fact positive. As a result of the importance of the findings, the lab called VA Nurse Moore, read the results to her and had her repeat the results to them. Unfortunately, no effort was made to notify MR. ROST that his blood cultures were persistently positive.

26. On October 23, 2012, MR. ROST again called the VA and reported his continued symptoms. He asked that a physician refill his pain medication due to the continuing and severe body aches he was experiencing. He did not receive a call back.

27. On October 24, 2012, MR. ROST again called the VA and asked if his prescription had been filled. He was told that it would take at least 48 hours to see a physician for the prescription. His wife, SHELLEY L. ROST, then called and reiterated the severity of his condition. The VA nurse taking the call finally directed them to go to a civilian emergency room.

28. As directed, that morning MRS. ROST did take her husband to the Emergency Room at Capital Regional Medical Center. He was seen there by Dr. Mark Attlesey who took a history which included his diagnosis of sepsis and his continuing

symptoms of fever, muscle aches, weight loss, nausea, headache and dizziness. A blood culture was drawn but rather than be admitted with what were clear signs of continued infection, he was directed to return the following day.

29. On October 25, 2012, MR. and MRS. ROST returned to the Capital Regional Medical Center Emergency Room. He again gave a history of sepsis, fever, chills, muscle aches, weakness and weight loss. He was seen by PA-C COURTNEY BREAUX McGEE. She apparently only checked the early morning culture results, found them to be negative at that time and reported that to the emergency physician, DR. SHIVA LAKSHMIN at 10:59 am. Unfortunately, prior to that time at 10:40 a.m., the lab called the emergency room to report that the cultures had become positive for Streptococcus Sanguis. Neither PA-C BREAUX McGEE nor DR. LAKSHMIN checked these results and, therefore, failed to obtain critical information. In addition, they failed to adequately consider the history and presenting signs and symptoms. As a result, they did not recommend admission but instead allowed MR. ROST to be discharged from the emergency room after 1 p.m. that day with no further therapy.

30. Approximately 24 hours later, on October 26, 2012, MR. ROST did finally receive a call from DR. JAMES CALABRO, an emergency room physician at Capital Regional Medical Center. He was then told that his cultures were positive for Streptococcus bacteria but incorrectly told that he had a urinary tract infection. This was in spite of laboratory findings to the contrary and in spite of the readily available history demonstrating that MR. ROST had been suffering an ongoing Streptococcus blood infection. He was then given an inappropriate prescription for Cipro.

31. On October 31, 2012, MR. ROST followed up at the Lake City Veterans Administration Medical Center (VAMC). He again related his continuing history and symptoms. Unfortunately, he was not admitted but simply instructed to return for a follow up blood culture. As directed, MR. ROST returned on the appointed date November 13, 2014 at which time a blood culture was drawn and he was again directed to return home.

32. On November 14, the blood culture taken the day before was reported as positive for Streptococcus bacteria. He was finally admitted and seen for the first time by a specialist in infectious disease.

33. During the hospitalization of November 14, 2012, a transesophageal echo (TEE) was performed which for the first time demonstrated vegetation on MR. ROST's mitral heart valve. This was caused by the persistent Streptococcus bacterial infection. This condition presented a danger of embolism to other parts of his body including his brain.

34. MR. ROST was discharged on November 21, 2012, but due to reports of positive blood cultures while hospitalized he was later asked to return to remove infusion lines (PICC) that had been previously placed as they presented a risk of further seeding infection.

35. MR. ROST did return as directed on November 24, 2012, and was hospitalized for removal of the previously placed PICC lines. Unfortunately, on the morning of November 25, 2012, he suffered embolism from the vegetation growing on his heart valve which had been caused by the persistent Streptococcus bacterial

infection. The embolism traversed to his brain causing a catastrophic stroke. He has as a consequence suffered catastrophic permanent and totally debilitating injuries.

## **COUNT I**
## **NEGLIGENCE AGAINST THE UNITED STATES OF AMERICA**

Plaintiffs readopt and reallege each and every allegation set forth in Paragraphs 1 through 35 of the general allegations and makes them a part of this Count I.

36. At all times material to this cause there existed a healthcare provider-patient relationship between Plaintiff, EDWARD F. ROST, the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC), and all of the healthcare providers at those facilities who were involved in providing and/or failing to provide medical care and treatment to Plaintiff, EDWARD F. ROST.

37. At all times material hereto, all employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC) and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, owed a duty of care to provide medical care and treatment to Plaintiff, EDWARD F. ROST, which met or exceeded the prevailing professional standard of care for similar healthcare providers.

38. All employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC) and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, were negligent and failed to meet the prevailing professional standard of care in the care and treatment of Plaintiff, EDWARD F. ROST, including but not limited to the following particular respects:

A. Failure to take a timely and appropriate history.

B. Failure to understand the significance of the presenting history, signs and symptoms.

C. Failure to timely obtain and/or consider information relating to prior medical care.

D. Failure to understand the significance of prior medical care.

E. Failure to perform an adequate examination and/or take into appropriate consideration the results of a physical examination.

F. Failure to timely take blood and urine cultures.

G. Failure to timely obtain the results of blood and urine cultures.

H. Failure to appropriately take into consideration and/or understand the significance of the blood and urine cultures.

I. Failure to notify treating physicians in a timely manner of the results of the blood and urine cultures.

J. Failure to notify MR. ROST in a timely manner of the correct results of the blood and urine cultures.

K. Failure to make a timely and appropriate diagnosis of MR. ROST's medical condition.

L. Failure to obtain timely and appropriate consultations.

M. Failure to timely and appropriately admit MR. ROST to the hospital.

N. Failure to timely and appropriately refer MR. ROST for medical care if same could not be provided within the VA system.

O. Failure to timely and appropriately respond to requests for medical care from MR. ROST.

P. Failure to timely institute appropriate therapy for MR. ROST.

Q. Failure to provide appropriate nursing services including communication between the VA and MR. ROST and between the nursing staff and physician staff.

R. Failure to appropriately supervise all administrative and medical providers including secretarial, nursing and physician staff.

39. As a result of the aforementioned acts of negligence and deviations from the acceptable standards of care by the employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC)

and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, Plaintiff, EDWARD F. ROST was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

a. Personal injury and resulting pain and suffering;

b. Disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of the capacity for the enjoyment of life;

f. Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g. Loss of earnings;

h. Loss of the ability to earn money;

i. Aggravation of a previously existing condition.

WHEREFORE, Plaintiff, EDWARD F. ROST, demands judgment for damages against the Defendant, UNITED STATES OF AMERICA, in the amount of $20 million ($20,000,000) Dollars, for compensatory damages, costs, prejudgment interest on medical bills, and such other relief as this Court deems just.

**COUNT II**

## LOSS OF CONSORTIUM

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above, and further alleges:

40. That throughout EDWARD F. ROST's care and treatment by the UNITED STATES OF AMERICA, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

41. That as a direct and proximate result of the negligent acts and omissions of the UNITED STATES OF AMERICA that resulted in the permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of EDWARD F. ROST's services, comfort, companionship and society in the past and to continue into the future, all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages allowed by law and costs against the Defendant, the UNITED STATES OF AMERICA.

## COUNT III
## NEGLIGENCE AGAINST COURTNEY BREAUX McGEE, PA-C

Plaintiff, EDWARD F. ROST, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 and further alleges:

42. At all times material hereto, COURTNEY BREAUX McGEE, PA-C, had a duty to EDWARD F. ROST to provide appropriate medical care and treatment to EDWARD F. ROST in accordance with the prevailing professional standards of care

for similar healthcare providers, in light of all relevant circumstances in the treatment of EDWARD F. ROST.

43. Notwithstanding the duties owed, COURTNEY BREAUX McGEE, PA-C, did or failed to do one or more of the following acts, any or all of which were departures from acceptable professional standards of care in Leon County, Florida, or any other similar medical community:

A. Failure to take a timely and appropriate history and accurately report the results to DR. LAKSHMIN.

B. Failure to timely obtain information relating to MR. ROST's prior infection and treatment.

C. Failure to timely perform an adequate examination and report the results to DR. LAKSHMIN.

D. Failure to timely and appropriately understand the significance of MR. ROST's history and presenting signs and symptoms.

E. Failure to timely obtain the correct information regarding MR. ROST's blood and urine cultures.

F. Failure to insure that the information obtained with regard to MR. ROST's blood and urine samples was the most recent available prior to his departing the hospital.

G. Failure to timely notify and or ensure that MR. ROST was notified in a timely manner that his blood culture was positive and his urine culture negative.

H. Failure to follow up on MR. ROST's laboratory data and ensure that the on duty physician was aware of same.

I. Failure to ensure that MR. ROST was notified of the significance of his culture reports and the need to seek immediate medical attention.

J. Failure to make a timely and appropriate differential diagnosis of MR. ROST's medical condition.

K. Failure to make a timely and appropriate diagnosis of MR. ROST's medical condition.

L. Failure to timely direct MR. ROST to return to the ED for follow-up care.

M. Failure to timely recommend, obtain or ensure that appropriate consultations were obtained for MR. ROST.

N. Failure to timely admit or recommend admission of MR. ROST to the hospital.

O. Failure to timely institute or recommend appropriate therapy for MR. ROST.

P. Failure to ensure that appropriate and timely lines of communication existed between herself, her attending physician, the nursing and laboratory staff.

Q. Failure to otherwise provide that level of care, skill and treatment which in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonable and prudent similar healthcare providers.

44. As a direct and proximate result of the acts and/or omissions by COURTNEY BREAUX McGEE, PA-C, Plaintiff, EDWARD F. ROST was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

a. Personal injury and resulting pain and suffering;

b. Disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of the capacity for the enjoyment of life;

f. Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g. Loss of earnings;

h. Loss of the ability to earn money;

i. Aggravation of a previously existing condition.

WHEREFORE, Plaintiff, EDWARD F. ROST, demands judgment for all damages allowed by law and costs against the Defendant, COURTNEY BREAUX McGEE, PA-C, and further demands a trial by jury on all issues so triable.

## COUNT IV
## LOSS OF CONSORTIUM

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above, and further alleges:

45. That throughout EDWARD F. ROST's care and treatment by COURTNEY BREAUX McGEE, PA-C, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

46. That as a direct and proximate result of the negligent acts and omissions of COURTNEY BREAUX McGEE, PA-C that resulted in the permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of EDWARD F. ROST's services, comfort, companionship and society in the past and to continue into the future, all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages allowed by law and costs against the Defendant, COURTNEY BREAUX McGEE, PA-C, and further demands a trial by jury on all issues so triable.

**COUNT V**
**NEGLIGENCE AGAINST SHIVA LAKSHMIN, M.D.**

Plaintiff, EDWARD F. ROST, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 and further alleges:

47. At all times material hereto, DR. LAKSHMIN, had a duty to EDWARD F. ROST to provide appropriate medical care and treatment to EDWARD F. ROST in accordance with the prevailing professional standards of care for similar healthcare providers, in light of all relevant circumstances in the treatment of EDWARD F. ROST.

48. Notwithstanding the duties owed, DR. LAKSHMIN, did or failed to do one or more of the following acts, any or all of which were departures from acceptable

professional standards of care in Leon County, Florida, or any other similar medical community:

A. Failure to take a timely and appropriate history and/or ensure such was accomplished with results accurately reported to him.

B. Failure to timely obtain information relating to MR. ROST's prior infection and treatment.

C. Failure to timely conduct an adequate examination and/or ensure that an adequate examination was performed with results accurately reported to him.

D. Failure to timely and appropriately understand the significance of MR. ROST's history and presenting signs and symptoms.

E. Failure to timely obtain the correct information regarding MR. ROST's blood and urine cultures.

F. Failure to ensure that the information obtained with regard to MR. ROST's blood and urine cultures was the most recent available prior to MR. ROST departing the hospital.

G. Failure to notify and or ensure that MR. ROST was notified in a timely manner that his blood culture was positive and his urine culture negative.

H. Failure to timely notify and or ensure that MR. ROST was notified of the significance of his culture reports and the need to seek immediate medical attention.

I. Failure to make a timely and appropriate differential diagnosis of MR. ROST's medical condition

J. Failure to make a timely and appropriate diagnosis of MR. ROST's medical condition.

K. Failure to timely direct MR. ROST to return to the ED for follow-up care.

L. Failure to obtain timely and appropriate consultations for MR. ROST.

M. Failure to timely admit MR. ROST to the hospital and or arrange for his admission.

N. Failure to timely institute appropriate therapy for MR. ROST's medical condition.

O. Failure to appropriately supervise COURTNEY BREAUX MCGEE, PA-C.

P. Failure to ensure that timely and appropriate lines of communication existed between himself, the PA he was supervising, the nurses and laboratory staff.

Q. Failure to otherwise provide that level of care, skill and treatment which in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonable and prudent similar healthcare providers.

49. As a direct and proximate result of the acts and/or omissions by DR. LAKSHMIN, Plaintiff, EDWARD F. ROST was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

a. Personal injury and resulting pain and suffering;

b. Disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of the capacity for the enjoyment of life;

f. Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g. Loss of earnings;

h. Loss of the ability to earn money;

i. Aggravation of a previously existing condition.

WHEREFORE, Plaintiff, EDWARD F. ROST, demands judgment for all damages allowed by law and costs against the Defendant, DR. LAKSHMIN, and further demands a trial by jury on all issues so triable.

## COUNT VI
## LOSS OF CONSORTIUM

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above, and further alleges:

50. That throughout EDWARD F. ROST's care and treatment by DR. LAKSHMIN, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

51. That as a direct and proximate result of the negligent acts and omissions of DR. LAKSHMIN that resulted in the permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of EDWARD F.

ROST's services, comfort, companionship and society in the past and to continue into the future, all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages allowed by law and costs against the Defendant, DR. LAKSHMIN, and further demands a trial by jury on all issues so triable.

## COUNT VII
## NEGLIGENCE AGAINST JAMES A. CALABRO, M.D.

Plaintiff, EDWARD F. ROST, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 and further alleges:

52. At all times material hereto, DR. CALABRO, had a duty to EDWARD F. ROST to provide appropriate medical care and treatment to EDWARD F. ROST in accordance with the prevailing professional standards of care for similar healthcare providers, in light of all relevant circumstances in the treatment of EDWARD F. ROST.

53. Notwithstanding the duties owed, DR. CALABRO, did or failed to do one or more of the following acts, any or all of which were departures from acceptable professional standards of care in Leon County, Florida, or any other similar medical community:

A. Failure to timely obtain an accurate and appropriate history.

B. Failure to timely obtain appropriate information relating to MR. ROST's prior hospital visits, infection and treatment.

C. Failure to timely and appropriately understand the significance of MR. ROST's history, prior infection current signs and symptoms and his continuing difficulties.

D. Failure to timely obtain the correct information with regard to MR. ROST's blood and urine samples and cultures.

E. Failure to understand the significance of MR. ROST's blood and urine samples and cultures.

F. Failure to follow-up on MR. ROST's laboratory data and ensure MR. ROST was aware of the correct information.

G. Failure to notify and or ensure that MR. ROST was notified of the significance of his laboratory findings and the need for appropriate and immediate medical treatment.

H. Failure to direct MR. ROST to return immediately to the ED and or to another medical facility for care.

I. Failure to make a timely and appropriate differential diagnosis.

J. Failure to make a timely and appropriate diagnosis.

K. Failure to prescribe appropriate treatment.

L. Failure to timely call appropriate consults.

M. Failure to timely admit, recommend admission and or arrange for MR. ROST to be admitted to the hospital.

N. Failure to otherwise provide that level of care, skill and treatment which in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonable and prudent similar healthcare providers.

54. As a direct and proximate result of the acts and/or omissions by DR. CALABRO, Plaintiff, EDWARD F. ROST was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

a. Personal injury and resulting pain and suffering;

b. Disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of the capacity for the enjoyment of life;

f. Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g. Loss of earnings;

h. Loss of the ability to earn money;

i. Aggravation of a previously existing condition.

WHEREFORE, Plaintiff, EDWARD F. ROST, demands judgment for all damages allowed by law and costs against the Defendant, DR. CALABRO, and further demands a trial by jury on all issues so triable.

**COUNT VIII**
**LOSS OF CONSORTIUM**

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above, and further alleges:

55. That throughout EDWARD F. ROST's care and treatment by DR. CALABRO, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

56. That as a direct and proximate result of the negligent acts and omissions of DR. CALABRO that resulted in the permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of EDWARD F. ROST's services, comfort, companionship and society in the past and to continue into the future, all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages allowed by law and costs against the Defendant, DR. CALABRO, and further demands a trial by jury on all issues so triable.

## COUNT IX
## NEGLIGENCE OF JACKSONVILLE EMERGENCY CONSULTANTS, P.A. d/b/a TITAN EMERGENCY GROUP REGARDING COURTNEY BREAUX MCGEE, PA-C, SHIVA LAKSHMIN, M.D., AND JAMES A. CALABRO

Plaintiff, EDWARD F. ROST, realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 and further alleges:

57. At all times material hereto, TITAN, by and through its agents, servants, employees, contracted healthcare providers, owners and/or directors, including, but not limited to, COURTNEY BREAUX McGEE, PA-C, SHIVA LAKSHMIN, M.D. and JAMES A. CALABRO, had a duty to EDWARD F. ROST, to provide appropriate

medical care and treatment to EDWARD F. ROST in accordance with the prevailing professional standards of care for similar healthcare providers, in light of all relevant circumstances in the treatment of EDWARD F. ROST.

58. Notwithstanding the duties owed, TITAN, by and through its agents, servants, employees, contracted healthcare providers, owners and/or directors, including, but not limited to, COURTNEY BREAUX MCGEE, PA-C, did or failed to do one or more of the acts more specifically set out in Count III above, any or all of which were departures from acceptable professional standards of care in Leon County, Florida, or any other similar medical community.

59. Notwithstanding the duties owed, TITAN, by and through its agents, servants, employees, contracted healthcare providers, owners and/or directors, including, but not limited to, SHIVA LAKSHMIN, M.D., did or failed to do one or more of the acts more specifically set out in Count V above, any or all of which were departures from acceptable professional standards of care in Leon County, Florida, or any other similar medical community.

60. Notwithstanding the duties owed, TITAN, by and through its agents, servants, employees, contracted healthcare providers, owners and/or directors, including, but not limited to, JAMES A. CALABRO, M.D., did or failed to do one or more of the acts more specifically set out in Count VII above, any or all of which were departures from acceptable professional standards of care in Leon County, Florida, or any other similar medical community.

61. As a direct and proximate result of the acts and/or omissions by COURTNEY BREAUX MCGEE, PA-C, SHIVA LAKSHMIN, M.D. and JAMES A. CALABRO, M.D., Plaintiff, EDWARD F. ROST was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

a. Personal injury and resulting pain and suffering;

b. Disability;

c. Disfigurement;

d. Mental anguish;

e. Loss of the capacity for the enjoyment of life;

f. Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g. Loss of earnings;

h. Loss of the ability to earn money;

i. Aggravation of a previously existing condition.

WHEREFORE, Plaintiff, EDWARD F. ROST, demands judgment for all damages allowed by law and costs against the Defendant, TITAN, and further demands a trial by jury on all issues so triable.

## COUNT X
## LOSS OF CONSORTIUM

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above, and further alleges:

62. That throughout EDWARD F. ROST's care and treatment by TITAN, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

63. That as a direct and proximate result of the negligent acts and omissions of TITAN that resulted in the permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of EDWARD F. ROST's services, comfort, companionship and society in the past and to continue into the future, all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages allowed by law and costs against the Defendant, TITAN, and further demands a trial by jury on all issues so triable.

**CERTIFICATE OF COUNSEL**

The undersigned hereby certified that a reasonable investigation has taken place, which has given rise to a good faith belief that grounds exist for an action against the named Defendants for medical negligence.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages allowed by law, costs, and such relief as this Court deems just and proper, and demand a trial by jury of those counts so triable.

Dated this 8th day of September, 2014.

*/s/ Joseph M. Taraska*

Joseph M. Taraska, Esquire
Florida Bar No. 235571
jtaraska@forthepeople.com

A. Scott Noecker, Esquire
Florida Bar No. 705810
snoecker@forthepeople.com
MORGAN & MORGAN, P.A.
16th Floor
20 North Orange Avenue
Orlando, Florida 32801
Phone (407) 420-1414
Fax (407) 422-8925
Secondary email addresses:
nellington@forthepeople.com
dmassie@forthepeople.com
***Attorneys for the Plaintiffs***